UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FORMOSA MICHIGAN LLC, and MEI-CHUN YEH, <br><br> Plaintiffs, <br><br> v. <br><br> L. FRANCIS CISSNA, Director of U. S. Citizenship and Immigration Services; KATHY A. BARAN, Director of the California Service Center of the U.S. Citizenship and Immigration Services; KIRSTJEN M. NIELSEN, Secretary of Department of Homeland Security; and THE UNITED STATES OF AMERICA. <br><br> Defendants. | Case No.: _____ <br> Hon: _____ <br><br> **COMPLAINT** <br><br> **5 U.S.C. §701,** *et seq.* **(the Administrative Procedures Act** |

## INTRODUCTION

1. On February 10, 2017, Plaintiff Formosa Michigan LLC ("Formosa" thereafter) filed a petition on behalf of Mei-Chun Yeh for a nonimmigrant worker (Form I-129) seeking E-2 investor classification and requesting to change the Mei-Chun Yeh's status from B-1 visitor to E-2 investor and extend her stay for two years.

1

2. U.S. Citizenship and Immigration Services ("USCIS") denied the Form I-129 petition on August 28, 2017. The denial of the Form I-129 petition is unlawful, and Plaintiffs are entitled to an order requiring USCIS to approve Form I-129.

## JURISDICTION

3. This court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331 (jurisdiction of civil actions arising under the Constitution and the laws of the United States); 5 U.S.C. §702 (the Administrative Procedures Act) and 285 U.S.C. §1651 (All Writs Act).

## VENUE

4. Venue lies within the Western District of Michigan because Plaintiffs reside in the Western District of Michigan.

## PARTIES

5. Plaintiff Formosa was incorporated in the state of Michigan on July 20, 2016. Formosa's principal place of business is East Lansing, Michigan. Formosa filed the Form I-129 petition for on behalf of Mei-Chun Yeh's E-2 investor nonimmigrant status on February 10, 2017.

6. Plaintiff Mei-Chun Yeh is a citizen of Republic of China (Taiwan). Ms. Yeh entered the U.S. in B status and seeks to change her nonimmigrant

classification to E-2 investor. Ms. Yeh currently resides in Okemos, Michigan.

7. Defendant L. Francis Cissna is the Director of U.S. Citizenship and Immigration, ("DHS"). As of March 1, 2003 DHS is the agency responsible for implementing the Immigration and Nationality Act ("INA"). Within DHS, USCIS is now responsible for implementing the provisions under which Formosa applied to the request for change of nonimmigrant status.[1] Respondent Cissna is being sued in his official capacity.

8. Defendant Kathy A. Baran is the Director of the California Service Center in Laguna Niguel, California. She is responsible for implementing immigration laws and regulations, including the provisions at issues in this lawsuit. Defendant Baran is being sued in her official capacity.

9. Defendant Kirstjen M. Nielsen is the Secretary of the U.S. Department of Homeland Security (DHS). USCIS is a bureau within DHS and DHS is the agency of the United States what is ultimately responsible for the enforcement of immigration laws and granting immigration benefits.

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist and its functions were transferred to the newly formed Department of Homeland Security. See Homeland Security Act, 116 Stat. 2135, Pub. L. 107-296 (2002). The former INS was divided into three separate agencies: Citizenship and Immigration Services, Immigration and Customs Enforcement, and Customs and Border Protection. This Complaint challenges decision of Citizenship and Immigration Services, the component responsible for adjudicating Petitions for a Nonimmigrant Worker.

Defendant Nielsen is used in her official capacity as the Secretary of the Department of Homeland Security, the executive officer with authority over USCIS.

## STATEMENT OF FACTS

10. On February 10, 2017, Formosa submitted Form I-129 petition for nonimmigrant worker seeking E-2 classification for Ms. Yeh as a treaty investor. An alien is eligible for an E-2 treaty investor if: (1) Has invested or is actively in the process of investing a substantial amount of capital in a *bona fide* enterprise in the United States, as distinct from a relatively small amount of capital in a marginal enterprise solely for the purpose of earning a living; (2) Is seeking entry solely to develop and direct the enterprise; and (3) Intends to depart the United States upon the expiration or termination of treaty investor (E-2) status. INA §101(a)(15)(E) (ii); 8 U.S.C. §1101 (a)(15)(E)(ii); 8 C.F.R.§214.2(e)(2).

11. Formosa incorporated under the laws of Michigan in July 2016, is located in East Lansing, Michigan and operates as a new restaurant.

12. An alien in another valid nonimmigrant status may apply for change of status to E classification by filing an application for change of status on Form I-129 and E Supplement, with required accompanying documents establishing eligibility for a change of status and E classification, in

accordance with 8 CFR part 248 and the instructions on Form I-129 and E Supplement. 8 C.F.R. §214.2(e)(21)(i).

13. On May 15, 2017, USCIS California Service Center ("CSC") issued a Request for Evidence ("RFE") requesting additional evidence to establish the applicant's eligibility for E-2. USCIS specifically requested the following: (1) provide evidence of source of funds to establish the investment of funds were derived from a legal source; (2) provide proof the investment was being invested and is at risk; and (3) provide evidence to establish the business is a bona-fide enterprise.

14. On August 07, 2017, CSC received Plaintiff's response to the RFE which provided evidence to establish the issues at concern mentioned above.

15. On August 28, 2017, CSC issued a denial stating that Ms. Yeh failed to establish that she was actively in the process of investing a substantial amount of capital; and (2) she failed to provide evidence to establish that she has invested in a bona fide business.

16. On September 27, 2017, Ms. Yeh filed a Motion to Reopen or Reconsider providing evidence to establish that she was actively in the process of investing a substantial amount of capital and Formosa is a bona fide enterprise.

17. On November 15, 2017, CSC dismissed the Motion to Reopen or Reconsider stating that Plaintiff failed to provide evidence to show that the investment was active and the business is a bona fide. CSC reaffirmed its denial decision claiming it did not misapplied 8 CFR Section 214.2(e)(13).

18. 8 C.F.R. §214.2(e)(2) defines an E-2 investor as an alien who has invested or in actively in the process of investing a substantial amount of capital.

19. 8 C.F.R. §214.2(e)(13) defines " bona fide enterprise" as a real active and operating commercial undertaking producing services or goods for profits.

20. 8 C.F.R. §214.2(e)(14) defines "substantial" as " in relation to the total cost of either purchasing an established enterprise or creating the type of enterprise under consideration; sufficient to ensure the investor's financial commitment to successful operation of the enterprise and support the likelihood that the investor will successful direct and develop the business.

21. The preponderance of the evidence standard usually applies in a nonimmigrant petition *Matter of Soo Hoo*, 11 I&N Dec. 151 (1965), when a petition is filed on behalf of an alien.

22. The plaintiffs have met their burdens of proof by submitting substantial and voluminous evidence showing that the investment amount is substantial and the enterprise is bona fide at the time of filing and at the time of responding to Request for Evidence.

23. Plaintiff provided further evidence in the motion to reopen and reconsider that her investment is substantial and her business is bona fide.

24. CSC's denial of the Motion to Reopen or Reconsider also failed to address the new facts and evidence that address the issue of whether the Plaintiff established her investment was substantial and the business is bona fide enterprise.

25. The defendants misapplied the relevant regulations and statutes under the immigration law.

26. Plaintiffs Formasa and Ms. Yeh are and will be irreparably harmed because of CSC's erroneous denial of Ms. Yeh's E-2 change of status petition.

27. There is no appeal from the denial of an application for extension of stay filed on Form I-129.  8 C.F.R. §214.1(c)(5).

28. Plaintiffs have exhausted all administrative remedies that are available to them.

## CAUSE OF ACTION

29. The decisions issued by CSC on August 28, 2017 and November 15, 2017 are incorrect. The RFE and the Motion to Reopen or Reconsider filed by Formosa on behalf of Ms. Yeh established the following: (1) Plaintiff has demonstrated that she has actively invested in the business and the business

is bona fide enterprise; and (2) she provided evidence to establish the applicant is eligible to change her nonimmigrant status.

30. The refusal of CSC to approve the Form I-129 petition filed by Formosa on behalf of Ms. Yeh is arbitrary and capricious, not supported by statute or regulation, and in violation of §§702 to 706 of the Administrative Procedures Act.

31. The refusal of CSC to approve Form I-129 petition filed by G&F on behalf of Plaintiff is a violation of Plaintiff's Due Process rights under the Fifth Amendment of the United States Constitution in that there is no support in the administrative records for which the decision is based.

## REQUEST FOR RELIEF

Plaintiffs respectfully request that this Court:

1. Assume jurisdiction over this matter;
2. Declare the CSC's August 28, 2017 decision denying the Form I-129 petition filed by Formosa on behalf of Ms. Yeh and the denial of its Motion to Reopen unlawful;
3. Order CSC to re-adjudicate and approve the Form I-129 petition;
4. Award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act; and

8

5. Grant any and all further relief this Court deems just and proper.

Date:  April 19, 2018                    /s/  Sufen Hilf
                                                Sufen Hilf (P62472)
                                                Attorney for Plaintiffs
                                                Hilf & Hilf, PLC
                                                1775 W. Big Beaver Road
                                                Troy, MI 48084
                                                Tel: 248-792-2590
                                                Fax:  248-885-8996
                                                sufen@hilfandhilf.com